UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DIANA MIGUELDY ANGELICA ORTEGA MEJIA,

Petitioner,

v.

DIRECTOR, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*,

Respondents.

Case No. 1:26-cv-03825 (EJD)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner is an immigration detainee who has been detained without the opportunity for a bond hearing since January 4, 2026. *See* Dkt. No. 1 at 10. In the instant petition for writ of habeas corpus, she argues that her present detention violates due process, and seeks either immediate release or a bond hearing. *Id.* at 6. For the reasons that follow, the Court GRANTS the petition in part, and orders Respondents to provide Petitioner with a bond hearing.

## I. DISCUSSION

Petitioner entered the United States in May 2024, was briefly detained by immigration officials, and then was released on parole to pursue her asylum claim. Dkt. No. 1 at 8. Following her grant of parole, Petitioner applied for asylum, was granted work authorization by USCIS, and began working as a cleaner. *Id.* at 8–9; Dkt. No. 7-1 at 3. There is no allegation or evidence that, between her release and re-detention, Petitioner violated the terms of her release or committed any crime.

On January 4, 2036, Petitioner was re-detained by ICE after she accidentally drove into Mexico. Dkt. No. 1 at 10. That same day, Petitioner was served a Notice to Appear placing her in



United States District Court
Eastern District of California

removal proceedings and charging her as inadmissible under INA § 212(a)(7)(A)(i)(I), codified at 8 U.S.C. § 1182(a)(7)(A)(i)(I). *Id*. at 11. Petitioner was ordered removed to Ecuador by an Immigration Judge ("IJ") roughly two months later. *See* Dkt. No. 7-3. In ordering her removal, the IJ declined to consider Petitioner's asylum claim. *Id*. at 1–3. Petitioner timely appealed the order to the Board of Immigration Appeals on April 15, 2026. *See* Dkt. No. 7-4. The appeal remains pending. As such, no final order of removal is in effect. *See* 8 U.S.C. § 1101(a)(47)(B).

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondents do not meaningfully address Petitioner's due process claim. Rather, with almost no analysis, they argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) because she is an "applicant for admission" and, therefore, may be mandatorily detained without bond. Dkt. No. 7 at 2.

Two subsections of § 1225(b) mandate detention. Section 1225(b)(1)(B)(ii) concerns detention during the expedited removal process. 8 U.S.C. § 1225(b)(1)(B)(ii) (in the event that an immigration officer determines that a noncitizen applying for admission "has a credible fear of persecution … the alien shall be detained for further consideration of the application for asylum.").

In contrast, 8 U.S.C. § 1225(b)(2)(A) concerns detention of "applicant[s] for admission." Under this subsection, "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A).

There is no evidence in the record here that Petitioner was subjected to the expedited removal process at the border, and thus detained pursuant to § 1225(b)(1)(B)(ii). Rather, it appears Petitioner was "detained [at the border] for a proceeding under section 1229a[,]" given that she was charged as inadmissible under INA § 212(a)(7)(A)(i)(I) and placed in full 1229a removal proceedings. 8 U.S.C. § 1225(b)(2)(A); *see Jarquin-Gadea v. Noem*, No. EDCV25-2800 FMO(BFM), 2025 WL 4671202, at *5 (C.D. Cal. Nov. 17, 2025) (explaining that "noncitizens covered by § 1225(b)(2) are placed in full removal proceedings"). As such, the Court presumes that her detention is controlled by § 1225(b)(2)(A). *Rodriguez Vazquez*, 026 WL 2196424, at *10 ("§ 1225(b)(2)(A), based on its text and context, is best construed as applying to aliens entering the United States at the border"); *Cong v. Noem*, No. 25-CV-3730-GPC-DEB, 2026 WL 76566 (S.D. Cal. Jan. 9, 2026) (assuming § 1225(b)(1) controlled detention where petitioner accidentally drove into Mexico and attempted to re-enter the United States); *Peng v. Noem*, No. 26-CV-1329 JLS (SBC), 2026 WL 765628, at *1 (S.D. Cal. Mar. 18, 2026) (same); *Gao v. LaRose*, 805 F. Supp. 3d 1106, 1109 (S.D. Cal. 2025) (same).

This, however, does not end the inquiry as Petitioner has brought a claim for violation of her due process rights—a claim which Respondents do not substantively engage with in opposing the petition. This Court has previously found that "unreasonably prolonged detention of individuals without a bond hearing under section 1225(b), pending removal proceedings, violates the due process clause." *Bou v. Warden*, No. 1:26-CV-03622 (EJD), 2026 WL 1614088, at *4 (E.D. Cal. June 4, 2026) (collecting cases); *see also Abubakar Abdul-Samed v. Warden of the Golden State Annex Det. Facility*, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) ("essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due

process”).

Due process claims are analyzed “in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.” *Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep’t of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). The Court finds that Petitioner has a protected liberty interest here, and due process requires provision of a bond hearing.

Petitioner clearly possesses a liberty interest in securing her freedom from detention. “Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects.” *Zadvydas*, 533 U.S. at 690. Petitioner has been detained since January 2026 with no review of the necessity of her continued custody. Additionally, prior to her detention she was living at liberty in the United States on parole. Petitioner has a liberty interest in her release under these circumstances.

To determine whether Petitioner’s continued detention without a bond hearing accords with due process, the Court must consider if the duration of Petitioner’s detention has become unreasonable. In determining whether detention has become unreasonably prolonged, courts in this district have considered “the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government.” *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022); *Bobokulov Akmal v. Warden of Cal. City Det.*, 2026 WL 657606, at *6 (E.D. Cal. Mar. 9, 2026) (applying the test enumerated in *Lopez* to a prolonged detention claim under § 1225(b)(1)); *Lebedev v. Warden of Golden State Annex*, 2026 WL 482733, at *5–8 (E.D. Cal. Feb. 20, 2026) (same).

These three factors weigh in Petitioner’s favor. As to length of detention, Petitioner’s detention has now reached seven months. Courts have found that detention of similar lengths without a bond hearing weighs in favor of finding that detention has become unreasonable. *See, e.g., Castro Ricardo v. ICE Field Off. Dir.*, No. 26-CV-1195-SAB, 2026 WL 1179786, at *2

United States District Court
Eastern District of California

(W.D. Wash. April 30, 2026) (finding detention prolonged without a hearing at five and a half months); *Nche v. Patrick*, No. 26-CV-2449-JES-DDL, 2026 WL 1195015, at *3 (S.D. Cal. May 1, 2026) (finding this factor weighed slightly in favor of a bond hearing after six months of detention); *Islamov v. Doe*, No. 26-CV-1528-JES-VET, 2026 WL 1179873, at *4 (S.D. Cal. April 30, 2026); *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable.").

The likely duration of future detention also weighs in Petitioner's favor. Petitioner argues that "her BIA appeal and possible petition for review in the Ninth Circuit could lead to additional years of detention while her case is pending." Dkt. No. 9 at 5. "The Court agrees, as Petitioner's appeal to the BIA may take months, and any appeal to the Ninth Circuit thereafter may take years." *Alizadeh v. Mullin*, No. 26-CV-2924 JLS (MMP), 2026 WL 1625651, at *2 (S.D. Cal. June 5, 2026)

Finally, delay in removal proceedings appears neutral since the record does not suggest significant delay by Respondents or Petitioner. Balancing the discussed factors, the Court concludes that Petitioner's detention has become unreasonably prolonged and, therefore, Petitioner is entitled to a bond hearing.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court GRANTS the petition for writ of habeas corpus and ORDERS the Government to provide Petitioner with a bond hearing within fourteen (14) days, unless Petitioner requests a continuance. The Government SHALL bear the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released, and shall release Petitioner if they do not meet this burden. Bond SHALL not be denied on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention. The Court DENIES the Petition to the extent it seeks release.

United States District Court
Eastern District of California

The Clerk of Court is directed to close this case and enter Judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: August 18, 2026

EDWARD J. DAVILA
United States District Judge